Weston Msikita, pro se Plaintiff
13105 SW, 16th Court
Apt. L208
Pembroke Pines, Florida   33027
wmsikita@gmail.com



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128

| | |
|---|---|
| **WESTON MSIKITA,** | : |
| | : |
| **Plaintiff** | : |
| | : |
| v. | : Civil Action No |
| | : |
| **THOMAS B. VILSACK, SECRETARY,** | : |
| **US DEPARTMENT OF AGRICULTURE** | |
| **ANIMAL AND PLANT HEALTH** | : |
| **INSPECTION SERVICE (APHIS),** | : |
| **U.S. DEPARTMENT OF AGRICULTURE,** | : Bench Decision Requested |
| Defendant. | : |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an employment-related action for violations of the Plaintiff's rights granted under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Plaintiff was discriminated and retaliated against based on his race, national origin, and prior protected EEO activity when: (1) on August 7, 2019, his request for a lateral transfer was denied; (2) from February 9, 2016, through June 2, 2019, he was required to carry the workload of two positions; (3) on May 15, 2019, he was issued a Letter of Reprimand; (4) on several dates, he was subjected to various incidents of harassment, including but not limited to: (a) on August 22, 2019, a management official questioned him about leaving work early on August 13, 2019, (b) on July 12, 2019, management sent him a threatening email, (c) on April 16, 2019, management

denied his request to meet with the Deputy Administrator, (d) on March 15, 2019, management sent him a harassing email, (e) on January 29, 2019, after he returned from sick leave, management ordered him to present documentation to confirm that he had seen a medical specialist, (f) on January 18, 2019, management angrily stormed into his office and in a threatening tone, asked him "Who told you to contact the Administrator and Deputy Administrator?" (g) on January 7, 2019, management sent him an email summarizing complaint from another management official, (h) since January 2, 2019, management has failed to respond to various emails from him, and (i). on December 31, 2018, management, yelled at him and told him "I will fix you if you fail to obey my orders", "you are dumb" and asked him "Did you follow my orders?"

## JURISDICTION AND VENUE

1. The United States District Court for Southern Florida has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U. S. C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

2. This appeal stems from the April 29, 2021, US Department of Agriculture ("USDA") Final Order incorporating all claims dismissed by the Administrative Judge on April 28, 2021. The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the USDA ("the employer"). The incidents were disclosed to upper USDA management that included the Administrator, Deputy Administrator, Executive Director, Associate Director, and Florida State Plant Health Director. The claims arise from events that took place between December 31, 2018, and May 2020 in the facility located in Miami, Florida. Accordingly, the venue lies in the United States District Court for the Southern District of Florida.

## PARTIES

1. The pro se Plaintiff, Weston Msikita, hereinafter referred to as Plaintiff, is an adult who has a mailing address of 13105 SW, 16th Court, Apt. L208, Pembroke Pines, Florida 33027.  His email is: wmsikita@gmail.com.

2. The Defendant, Thomas B. Vilsack, is the Secretary of the U. S. Department of Agriculture with the Headquarter at 1400 Independence Ave., S.W., Washington, DC 20250.

3. At all relevant times, Thomas David Farmer, GS-13, was National Operations Director/Manager, Field Operations, Animal Plant Health Inspection Service (APHIS), USDA, Raleigh, North Carolina.

4. At all relevant times, Louis V. Volpe, South Florida Port Director, GS-13 was Plaintiff's second line supervisor from mid-August 2016 at APHIS, USDA Miami Inspection Station (PIS), Florida.

5. At all relevant times, Gabriel Sanchez, Plant Protection and Quarantine (PPQ) Supervisor, GS-12, at APHIS, USDA, Miami PIS, Florida, served as Plaintiff's first line supervisor, from January 2018 to October 2019.

6. At all relevant times, Rose Lopez, Assistant Director, Miami PIS, Florida, GS 13, served as Plaintiff's first line supervisor between October 2019 and May 2020.

7. At all relevant times, John McKemy was a USDA APHIS National Mycologist/Plant Pathologist located at the National Identification Services (NIS) in Beltsville, MD.

8. At all relevant times, Megan Romberg was a USDA APHIS National Mycologist/Plant Pathologist at the National Identification Services in Beltsville, MD.

9. The U.S. Department of Agriculture engages in regulating policies and safeguarding of US Agriculture from harmful pests and diseases, for the purposes of Title VII of Civil Rights Act of 1964 and qualifies as an employer within the meaning of the statute and regulations at issue in this case.

## STATEMENT OF FACTS

10. The pro se Plaintiff, Weston Msikita, is of Black race, born in Zambia.

11. From October 7, 2013, to May 18, 2020, Plaintiff was employed as Plant Pathology Identifier, GS-11 by the U.S. Department of Agriculture, Plant Protection and Quarantine (PPQ), Field Operations, and based at Miami PIS.  There were two Plant Pathology Identifiers stationed at the Miami Plant Inspection Station: Plaintiff and Frederick Zimmerman (Caucasian America), until Zimmerman was promoted to GS-13 position and transferred to NIS headquarters in Riverdale, MD, in August 2016.  Zimmerman was not replaced until June 2, 2019, when Margarita Bateman (Hispanic American) was hired to fill the position that had been left vacant for more than 2 years.

12. Miami PIS is the busiest station in the nation, processing over 1 billion plant units per year, consequently, two Plant Pathology Identifier positions are assigned to process plant disease samples.

13. On February 10, 2016, Zimmerman was excused by management from processing plant disease samples, leaving the heavy work burden to Plaintiff.

14. On several occasions between 2017, and 2019, Plaintiff disclosed to the USDA Administrator, USDA Deputy Administrator, and local management of the disproportionate workload involving two positions he was made to carry.

4

15. On April 11, 2019, Plaintiff requested Volpe and Sanchez to meet the Deputy Administrator (DA) to discuss unequal work distribution and heavy workload he was carrying, the non-return of samples to build a collection of pests at the port, and appointment of objective national specialists who could evaluate his work. All the three issues Plaintiff intended to present to the DA were Plaintiff's prior EEO issues.

16. On April 16, 2019, Sanchez and Volpe denied Plaintiff's request to meet the DA. Plaintiff responded to the denial by informing Volpe and Sanchez that the issues were too serious to be ignored and that he would contact the DA himself.

17. On April 25, 2019, Dave Farmer (Director of Field Operations, sent an email to all management concerned with pest identification, "balancing workload" among Plant Pathology Identifiers, one of the EEO requests Plaintiff intended to seek the DA to resolve.

18. On May 6, 2019, Plaintiff contacted the DA directly, requesting a meeting. The DA responded immediately, inviting Plaintiff to meet on May 30, 2019, confirming that Volpe and Sanchez were the officials that denied Plaintiff to meet the DA.

19. On May 7 and 8, 2019 respectively, Sanchez wrote the Deputy Administrator, opposing each of the prior EEO issues Plaintiff intended to present to the meeting with the Deputy Administrator scheduled for May 30, 2019. This action was a further confirmation that Volpe and Sanchez opposed Plaintiff's prior EEO activity, and did not want Plaintiff to meet the DA.

20. On May 15, 2019, Sanchez followed his opposition to Plaintiff's prior EEO activity by reprimanding Plaintiff for undergoing background investigation for a federal position with the Department of Homeland Security, and allegation of allowing the Background

Investigator, who was carrying security clearance, of breaching security of a federal facility.

21. On May 17, 2019, Plaintiff rebutted the basis for issuance of the reprimand, and disclosed to the Administrator and Deputy Administrator that the reprimanded was harassment for his prior EEO activity.   No investigation of Volpe and Sanchez was conducted.

22. On May 30, 2019, Plaintiff met the Assistant to the Deputy Administrator, and disclosed incidents of harassment by Volpe, Sanchez, Farmer, McKemy and Romberg, due to his prior EEO activity. He was promised for a response from the Deputy Administrator within two weeks. He received no response.

23. On June 2, 2019, the vacant Plant Pathology position at Miami was filled.   It was once again an action management took in response to Plaintiff's request to meet the DA.

24. Following Plaintiff's meeting the with the Assistant to the DA, local management increased surveillance of Plaintiff. On several dates in June 2019, Plaintiff health took a downturn, forcing him to consult medical specialists.

25. On July 8, 2019, Plaintiff requested the Deputy Administrator for lateral transfer on medical grounds and incessant harassment from Miami port Director Volpe. He was referred to contact Calvin Shuler (Associate Director).

26. On July 12, 2019, Plaintiff requested the USDA Resource Management Office for a lateral transfer, listing 5 approved lateral transfer ports. He was directed to seek support from the National Association of Agriculture Employees (NAAE), and to present the NAAE support to the Associate Director (Calvin Shuler) and Executive Director (Carlos Martinez).

27. On August 6 and 8, 2019, Plaintiff requested Calvin Shuler, Associate Executive Director, for a lateral transfer, citing ill health and harassment from Miami PIS Director, Volpe.

28. On August 9, 2019, Shuler denied Plaintiff's lateral transfer request.

29. On August 12, 2019, Plaintiff's treating physician confirmed that Plaintiff had prostate cancer, high blood pressure and intestinal bleeding, and was advised to seek radiation therapy.

30. On August 14, 2019, Plaintiff with the support of the NAAE, requested the Executive Director for a lateral transfer on medical grounds, so that he could be close to family members and friends who would transport him for radiation therapy and provide him mental and spiritual support. He received no response from the Executive Director.

31. On September 23, 2019, Plaintiff's physician requested management to release him early from work so that he could undergo radiation therapy. On the same day, Plaintiff started a five day a week radiation therapy to treat the cancer.  Radiation severely impacted his health: his red blood cell and white blood cell counts plummeted, and he frequently vomited after each radiation session.

32. On October 11, 2019, local management removed Plaintiff from the 7am to 3:30pm work schedule and placed him on the 8 am to 4:30pm work schedule, claiming the 7 am to 3:30pm work schedule never existed for Miami. Management's action complicated Plaintiff's radiation therapy sessions.  Plaintiff requested for a six-month reasonable accommodation to be placed back on the 7 am to 3:30pm work schedule.

33. Between October 2019 and January 2020 John McKemy and Megan Romberg returned plant disease samples for Margarita Bateman, a record 10 times, and none for Plaintiff.

7

*Plaintiff's Prior Protected Activities*

34. On December 31, 2018, Louis Volpe, yelled and referred to Plaintiff as "dumb", and that he would "fix" him if he failed to follow his orders. The incident which was reported to Deputy Administrator (on May 30, 2019), the Associate Executive Director (August 7, 8, 2019), and the Executive Director (August 14, 2019), followed Plaintiff's disclosure that McKemy was retaliating against Plaintiff for prior EEO activity.

35. On January 2, and 7, 2019, Plaintiff asserted his protected status by informing Volpe that he and the National Identification Services (NIS) were harassing him for prior EEO activity. On January 7, 2019, Volpe characterized Plaintiff's assertion of prior EEO activity as "negative, derogatory, accusatory, and "undermining the environment". On January 8, 2019, Volpe implored upper management, he referred to as the "United Front" to "step by step, explain to Mr. Msikita [Plaintiff] where he has made his errors". The "United Front" comprised Calvin Shuler (Associate Director), Dave Thomas Farmer (Director of Field Operations), Richard Miranda (FL State Plant Health Director), James Walker (FL Assistant Plant Health Director), and Gabriel Sanchez (PPQ Supervisor).

36. On January 8, 2019, Volpe shed light on the "errors" for which he sought the assistance of the "United Front", specifying, "the accusations of racial discrimination he is accusing the NIS are very serious and cannot be taken lightly".

37. On January 18, 2019, Louis Volpe yelled and threatened Plaintiff for copying the Administrator and Deputy Administrator an email in which Plaintiff requested Volpe to justify the extension of the time frame of the first letter of reprimand from 18 months to 26 months. The first letter of reprimand (issued to Plaintiff on February 8, 2017) was a claim in Plaintiff's prior EEO activity.

38. On March 21, 2019, Sanchez solicited the assistance of Dora Malykin, Caucasian attorney for USDA, and Eunice Cuthbert, African American Employee Relations Specialist, to craft "a deterrent measure, severe enough to send a concrete message". Sanchez request to Malykin and Cuthbert was prompted by Plaintiff's assertion of his prior EEO activity, and for undergoing background investigation for a position with the Department of Homeland Security.

39. On April 16, 2019, Volpe and Sanchez denied Plaintiff's request to meet the Deputy Administrator to seek solution to issues related to his prior EEO activity that were hampering Plaintiff's work and promotion to a higher grade.

40. On May 6, 2019, the Assistant to the Deputy Administrator agreed to meet Plaintiff on May 30, 2019.

41. On May 7 and 8, 2019 respectively, Sanchez wrote the Deputy Administrator, opposing each of the prior EEO issues Plaintiff intended to present to the meeting with the Deputy Administrator scheduled for May 30, 2019.

42. On May 15, 2019, Sanchez reprimanded Plaintiff on allegation of failure to notify management prior to undergoing a background investigation for a position with the Department of Homeland Security, and for seeking security clearance to expand his job search.

43. On May 17, 2019, Plaintiff rebutted the false accusations of the letter of reprimand, and specified he was being harassed for prior EEO activity. Plaintiff copied the rebuttal to the USDA Administrator, and Deputy Administrator.

44. On August 22, 2019, Sanchez ordered Plaintiff to justify why he left 7 minutes early to exercise in the parking lot.   Whereas Plaintiff was ordered to justify his need to exercise

for 7 minutes, management allowed employees to play ping pong for unspecified period during work hours, claiming that playing ping pong was an allowance management accorded employees for "mental and physical allowance" of the employees.

45. Between October 2019 and January 2020, John McKemy and Megan Romberg returned samples on 10 different occasions for Margarita Bateman to help her build a collection of pests at the port but returned no sample for Plaintiff. Building a collection of pests at the port is a position requirement for all Identifiers.

46. On June 9, 2020, Sanchez confirmed to the Assistant to the Deputy Administrator that Plaintiff was treated differently by McKemy and Romberg.

*Plaintiff's Prior EEO disclosures to management*

47. On May 29, 2015, Plaintiff wrote an e-mail to Paul Hornby (FL State Plant Director – retired in 2018), detailing incidents of harassment he was facing with the NIS and stated: "There is little doubt that my quest to identify viruses… [e]licited bigotry, hatred, and racial profiling" by John McKemy and Megan Romberg at NIS.

48. On October 2, 2015, Plaintiff spoke with Pedro Millan (his first line supervisor – retired in 2016) and complained about racial discrimination by NIS, prompting Millan to request Dave Farmer (National Operations Director), to meet Plaintiff to resolve potential Civil Rights violation. Farmer declined to meet Plaintiff.

49. On October 27, 2015, Plaintiff spoke with Farmer and Hornby, imploring them to find a solution to end the harassment from McKemy and Romberg. The duo failed to intervene. Plaintiff informed Farmer that he would file a an EEO complaint. Milan provided

Plaintiff contact information for EEO counselor. Plaintiff spoke with an EEO counselor about being racially discriminated.

50. On August 7, 2017, Plaintiff disclosed in email to Kevin Shea, USDA Administrator of harassment, specified that it was perpetrated by Farmer, McKemy, Romberg, Carlos Caraballo (first line supervisor – retired) for his prior EEO activity. No investigation was conducted.

51. On November 16, 2017, Plaintiff disclosed harassment due to prior EEO activity, to Stuart Bender, the Assistant Secretary of Agriculture. Plaintiff copied the disclosure to Kelvin Shea, and Osama El-Lissy (USDA Deputy Administrator).

52. On December 30, 2017, Plaintiff disclosed various incidents of harassment by McKemy and Romberg, due to prior EEO activity in email to the APHIS Violence Prevention Unit. Plaintiff copied the disclosure to Kelvin Shea, Osama El-Lissy, and Assistant Secretaries of Agriculture, Stuart Bender, and Don Brice. No investigation of the harassers was conducted.

*Particulars of Allegations*

**The Plaintiff alleges that based on his race (Black), national origin (Zambian), and his prior protected EEO activities, he was discriminated and retaliated against when:**

53. On December 31, 2018, John McKemy falsely reported him to Volpe that he was not including ruler measurements on digital images sent to the National Identification Services (NIS) for final identification. The false allegation prompted Volpe to come to Plaintiff's office to yell at him calling him "dumb", and that he would "fix" him if he failed to obey his orders. Plaintiff reported the incidents to the Office of the Deputy

Administrator, the Associate Executive, and the Executive Director. Management did not investigate Volpe.

54. On January 2, and 7, 2019, Plaintiff requested Volpe and Sanchez to treat him equally just as they were treating McKemy and Romberg.

55. On January 7 and 8, 2019, Volpe called a meeting of the "United Front", a team comprising management officials concerned with pest identification, to "step by step, explain to Mr. Msikita [Plaintiff] where he has made his errors". The "errors" referenced were the fact that Plaintiff had disclosed to Volpe that he and the NIS were harassing Plaintiff for prior EEO activity.

56. On January 18, 2019, Louis Volpe angrily stormed into Plaintiff's office and in a threatening tone, asked him "Who told you to contact the Administrator and Deputy Administrator?" Volpe was provoked by the fact that Plaintiff copied the Administrator and Deputy Administrator a request he had made to Volpe to justify the extension of the time frame of the first letter of reprimand from 18 months to 26 months. The first letter of reprimand was Plaintiff's prior EEO activity.

57. On January 29, 2019, after Plaintiff returned from sick leave, management ordered him to present documentation to confirm that he had seen a medical specialist. On September 27, 2019, management did not order Margarita Bateman to present documentation to confirm that she had seen a medical specialist for an ear infection.

58. On February 25, 2019, March 7, and 15 respectively, Plaintiff underwent background investigation for a position with the Department of Homeland Security (DHS). Volpe and Sanchez accused Plaintiff of failure to inform management of the presence of the background investigator on federal facility. Additionally, they portrayed the background

investigator, who was carrying a federally approved security clearance, as a "visitor" and that the "visitor" breached security by entering secure areas of a federal facility. The background investigator also interviewed Fernando Angel Toro, a Hispanic technician, for a position with DHS. Angel Tore was not reprimanded nor accused of allowing a "visitor" into secure areas of the facility.

59. On March 21, 2019, Sanchez solicited the assistance of Dora Malykin and Eunice Cuthbert to craft "a severe and deterrent measure" against Plaintiff for undergoing background investigation for a position with DHS, and for "broaching about discrimination". Sanchez characterized Plaintiff's disclosure of harassment from the NIS as "ranted on about his issue with the National Identifications Services department and how it was one more thing against Weston".

60. Between February 10, 2016, to June 2, 2019, Plaintiff carried the workload for two Plant Pathology positions in the busiest port in the nation. On several occasions, Plaintiff disclosed to management at local and national levels, the disproportionate workload he was made to carry. On April 11, 2019, Plaintiff requested Volpe and Sanchez, to meet the Deputy Administrator to resolve the issue, including appointing objective national specialists, and return of samples to build a collection of pests. The issues all pertain to Plaintiff's prior EEO activity.

61. On April 16, 2019, Sanchez and Volpe denied Plaintiff's request to meet the Deputy Administrator (DA)

62. On April 25, 2019, Dave Farmer "balanced the workload" of Plant Pathology Identifiers in the nation. The action was clear response to Plaintiff's disclosure to Volpe and

Sanchez that he would seek the Deputy Administrator to alleviate the heavy workload he had been carrying for more than two years.

63. On May 7, and 8, 2019, respectively, Sanchez wrote the office of the DA opposing each of the EEO issues Plaintiff sought the assistance of the DA to resolve.

64. On May 15, 2019, Sanchez reprimanded Plaintiff falsely accused Plaintiff of failure to notify management prior to undergoing a background investigation for a position with the Department of Homeland Security, and for seeking security clearance to expand his job search.

65. On May 17, 2019, Plaintiff rebutted the false accusations of the letter of reprimand, and specified he was being harassed for prior EEO activity. Plaintiff copied the rebuttal to the USDA Administrator, Deputy Administrator.

66. On May 30, 2019, Plaintiff met the Assistant to the Deputy Administrator, and enumerated incidents of harassment by Volpe, Sanchez, Dave Farmer, McKemy, and Romberg. He was promised a response from the DA within two weeks. Following the meeting with the Assistant to the DA, Plaintiff was subjected to increased surveillance by local management.

67. On June 2, 2019, the vacant Plant Pathology position at Miami was filled, an action management took following Plaintiff's disclosure to seek the intervention of the Deputy Administrator to alleviate a heavy workload he had carried for more than two years in the busiest port in the nation.

68. On July 12, 2019, medical tests revealed that Plaintiff had developed high prostate specific antigens (PSA), high blood pressure and intestinal bleeding.

69. On August 7 and 8, 2019, Plaintiff requested lateral transfer on medical grounds to be close to family and friends who would assist him in his medical treatment and recovery.

70. On August 12, 2019, medical tests confirmed Plaintiff had prostate cancer, high blood pressure and intestinal bleeding.

71. On August 14, Plaintiff made the request, first with the Office of the Deputy Administrator and then with the Executive Director. He received no response from the Executive Director.

72. On October 11, 2019, management removed Plaintiff's from the 7am to 3:30pm work schedule, placing him on the 8am to 4:30pm work schedule. The action complicated and severely impacted Plaintiff's radiation therapy for prostate cancer.

73. On August 22, 2019, Sanchez ordered Plaintiff to justify why he left 7 minutes early to exercise in the parking lot but allowed other employees to play ping pong for unspecified period during work hours. A practice management considered necessary for "mental and physical allowance" of the employees.

74. September 23, 2019, Plaintiff's treating physician requested management to release Plaintiff early from work so that he could undergo radiation therapy.

75. On October 11, 2019, management removed Plaintiff from his 7 am to 3:30pm work schedule, claiming the schedule never existed. The removal from the 7am to 3:30pm work schedule complicated Plaintiff's radiation treatment schedule.

*Other Similarly Situated Individuals*

(a) On February 10, 2016, Frederick Zimmerman, Caucasian American born Plant Pathology Identifier with no history of EEO activity, was removed from processing diseases,

leaving all the work to Plaintiff. Miami is the busiest station in the nation, processing over 1 billion of plant units. In early August 2016, Zimmerman was promoted to GS-13 position and transferred to Riverdale, Maryland.

(b) Zimmerman was not replaced until June 2, 2019, when Margarita Bateman (Hispanic American born with no prior EEO activity), was hired to serve as second Plant Pathology Identifier for Miami PIS. No other Plant Pathology in the nation shouldered such a heavy work burden for such a long time.

(c) Margarita Bateman, Hispanic American Plant Pathology Identifier with no history of EEO activity fell ill on September 27, 2019. She reported to management about ear infection problem. When she returned to work, she was not required to furnish doctor appointment.

(d) Fernando Angel Toro, Hispanic American Technician underwent background investigation by the same investigator that investigated Plaintiff for a position with another Agency. Angel Toro was not reprimanded for undergoing a background investigation nor accused of allowing a "visitor" into secure areas of Miami PIS.

(e) Adam Wallner, Caucasian American born Entomology Identifier at Miami was offered reasonable accommodation and transferred to a different port on ground of his father that was terminally ill.

(f) On August 22, 2019, Plaintiff was ordered to justify why he left work 7 minutes early to exercise in the parking lot. Regular exercise was part of the treatment recommendation for prostate cancer therapy. Whereas management questioned Plaintiff for taking 7 minutes to exercise, management allowed employees to play ping pong in the gym during

work hours for unspecified time and duration. Management claimed it was for the mental and physical wellbeing of the employee.

(g) On October 11, 2019, Plaintiff was removed from the 7am to 3:30 pm work schedule on ground that such a schedule never existed at Miami PIS. Yet Ramon Dones (Entomologist) and Lorena Duarte (Technician) were placed on the 7am to 3:30pm. Prior to Plaintiff's removal from the 7am to 3:30 pm schedule, management was provided a request from Plaintiff's treating physician to release him early so that he could undergo radiation therapy.

(h) Between October 2019 and January 2020, John McKemy and Megan Romberg returned samples for Margarita Bateman, a record 10 times to allow her to build a collection of pests at the port. No samples were returned for Plaintiff since February 10, 2016. Return of samples to build a collection of pests is requirement stipulated in the job description for all Identifiers.

(i) On June 9, 2020. Sanchez confirmed to the Assistant to the Deputy Administrator that McKemy and Romberg treated Plaintiff differently compared to other Plant Pathology Identifiers in the nation.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Agency Case Number APHIS-2019-00839; EEOC No 510-2020-00084X*

76. On June 8, 2019, Plaintiff contacted the EEO counselor to file EEO complaint of discrimination. On July 11, 2019, Plaintiff was issued Notice to File a Formal Complaint. Investigation of the complaint was conducted between September 4, 2019, and October 25, 2019, and Report of Investigation was issued on October 25, 2019. On April 28,

2021, the Administrative Judge assigned to the case dismissed the entire complaint without a hearing. On April 29, 2021, Defendant issued its Final Agency Decision incorporating the EEOC Administrative Judge's summary judgment.

## REMEDIES and RELIEF

77. Plaintiff seeks appropriate remedies, pecuniary and non-pecuniary, including but not limited $1400, Compensatory Damages based on 79 employees, Attorney fees, forward and back pay.

## NO JURY DEMAND

78. The Plaintiff herein hereby a bench decision on all issues in this action.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant.

Respectfully Submitted,

**Date:** *April 29, 2021.*

[signed]/s/
_____, pro se
Address: 13105 SW 16th CT # L-208,
Pembroke Pines, FL 33027
Email: wmsikita@gmail.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the above was served on the entity identified below on the date of the signature below by means indicated below:

US DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA__
400 North Miami Avenue
Miami, FL 33128
Return Receipt on date: _____.

Attorney General Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Via Certified Mail Return Receipt
  On date: _____.

Via Certified Mail Return Receipt
On date: _____

Via Certified Mail Return Receipt
On date: _____