**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:21-cv-22812-JLK/Becerra

WESTON MSIKITA,

v.

SECRETARY, U.S. DEPARTMENT
OF AGRICULTURE ANIMAL AND
PLANT HEALTH INSPECTION
SERVICE (APHIS), U.S. DEPARTMENT
OF AGRICULTURE,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** came before the Court upon Plaintiff Weston Msikita's ("Plaintiff") Letter. ECF No. [12]. The Honorable James Lawrence King, Senior United States District Judge, referred the Letter to the undersigned for a report and recommendation. ECF No. [13]. Upon due consideration of Plaintiff's Letter, the undersigned hereby **RECOMMENDS** that Plaintiff be ordered as follows:

On August 16, 2021, Plaintiff filed a Motion Requesting Pro Bono Attorney Contacts. ECF Nos. [7], [8]. Therein, Plaintiff requested that the Court provide a list of *pro bono* attorney contacts. ECF Nos. [7], [8]. Plaintiff's Motion was referred to the undersigned Magistrate Judge for disposition. ECF No. [9]. On August 25, 2021, the undersigned entered an Order Referring Case to Volunteer Attorney Program. ECF No. [11]. Specifically, the undersigned noted that although a list of *pro bono* attorneys is not kept by the Court, this case was eligible for inclusion in the Volunteer Attorney Program. *Id.* at 1. Therefore, on August 27, 2021, this case was listed on the Southern District of Florida Volunteer Opportunities & Pro Bono Assistance webpage. *See*

Available Cases, *United States District Court Southern District of Florida* (last visited Sept. 29, 2021), https://www.flsd.uscourts.gov/available_cases.

In the interim, Plaintiff mailed a letter to the undersigned Magistrate Judge at the undersigned's former law firm based on the mistaken belief that this case was referred to the undersigned for representation. Plaintiff should be reminded that the undersigned is the presiding Magistrate Judge in this matter and is not an attorney who can represent Plaintiff. Plaintiff should also be reminded that this matter is referred to the Court's Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis if so desired. However, this does not mean that Plaintiff now has an attorney. Specifically, Plaintiff remains responsible to stay current with this case, including the obligation to comply with all Court orders and other procedural obligations. In addition, the fact that the Court added this case to the Volunteer Attorney Program list does not preclude Plaintiff from finding an attorney elsewhere. Indeed, Plaintiff may hire an attorney, or may find an attorney to provide *pro bono* representation elsewhere.

Objections to this Report shall be made within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on September 29, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge